UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SITEZEUS, LLC,

    Plaintiff,

v.                                                     Case No. 8:22-cv-1783-KKM-AEP

BOSTON MARKET CORPORATION,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

      This cause comes before the Court upon Plaintiff's Motion to Enforce Settlement Agreement and For Entry of Final Judgment ("Motion") (Doc. 19). Plaintiff SiteZeus LLC brought suit against Defendant Boston Market Corporation for breach of contract and unjust enrichment (Doc. 1). Shortly thereafter, the parties filed a Joint Notice of Resolution and Joint Motion to Stay Proceedings ("Notice") (Doc. 14). In the Notice, the parties indicated the matter had been resolved and requested the Court administratively close the case while the parties finalized, executed, and performed under a written settlement agreement (Doc. 14, at 1). According to the agreement, Defendant was to pay Plaintiff $132,000 in four (4) installments of $33,000 (Doc. 19-1, ¶ 2). The agreement provides that in the event that Defendant breaches the provisions in Paragraph 2, including the payment terms, Plaintiff would be entitled to move the Court

> for entry of judgment for the full contract price identified in ¶ 10 of the Complaint, less any payments made under ¶ 2 at the time of the breach, together with court costs, interest from the date of the breach and reasonable attorney's fees in connection with such breach.

(Doc. 19-1, at ¶ 6). The parties also agreed that the Court shall retain jurisdiction to enforce the terms of the agreement (Doc. 19-1, ¶ 7). Defendant Boston Market's President and Chief Executive Officer, Jignesh Pandya, signed the agreement (Doc. 19-1, at 5) and counsel for Defendant, Seth M. Jessee, signed the Notice informing the Court of the settlement (Doc. 14, at 2). The Court then dismissed the case without prejudice (Doc. 15). Three months later, Plaintiff filed a motion requesting the Court reopen the case to enforce the settlement agreement, which the Court granted (Docs. 17, 18). Plaintiff then filed this Motion requesting the Court find Defendant in breach of the settlement agreement and enter judgment in favor of Plaintiff (Doc. 19, at 3). Plaintiff requests an award of $169,950 pursuant to the settlement agreement, as well as $482 in costs and $3,300 in attorneys' fees (Doc. 19, at 4). The Court referred the Motion to the undersigned.

No response to the Motion has been filed by Defendant and at no point has Defendant indicated opposition to the Motion. The undersigned first held a hearing on the Motion February 24, 2023 and no representative for Defendant attended (Docs. 23, 25). The undersigned rescheduled the hearing, directed counsel for Defendant, Seth Jessee, to appear at the rescheduled hearing, and directed the Clerk to mail copies of the order to Mr. Jessee (Doc. 29). The undersigned held a second hearing on the Motion and again no representative for Defendant attended (Doc. 30). Following this hearing, the Court again rescheduled the hearing and directed

2

counsel for Plaintiff to effectuate service of a copy of the order and a copy of the second rescheduled hearing notice upon Defendant's registered agent (Doc. 33). Plaintiff filed proof of service of the documents upon Defendant's registered agent (Doc. 34) but for a third time, no representative for Defendant attended the hearing (Doc. 35).

When a case remains pending and is not dismissed, then federal district courts have the authority to enforce settlement agreements prior to dismissal. *BP Products North America, Inc. v. Oakridge at Winegard, Inc.,* 469 F.Supp.2d 1128, 1132 (M.D.Fla.2007) (citing *Kent v. Baker,* 815 F.2d 1395, 1400 (11th Cir.1987)). The Court must look to Florida law in deciding whether the parties reached an agreement that is enforceable. *Id.* (citing *Londono v. City of Gainesville,* 768 F.2d 1223, 1227 (11th Cir.1985)). Courts in Florida favor settlement agreements and will enforce them whenever possible. *Id.* (citing *Long Term Mgmt. Inc. v. Univ. Nursing Ctr., Inc.,* 704 (So.2d 669, 673 (Fla. 1st DCA 1997)). Settlement agreements are governed and interpreted by contract law. *Commercial Capital Resources, LLC v. Giovannetti,* 955 So.2d 1151 (Fla. 3d DCA 2007) (citing *Barone v. Rogers,* 930 So.2d 761, 763-64 (Fla. 4th DCA 2006)). The essential terms of the settlement agreement must be specific and mutually agreeable. *Barone v. Rogers,* 930 so.2d at 764 (citing *Long Term Mgmt.,* 704 so.2d at 673). "Contracts are to be construed in accordance with the intentions of the parties." *Id.* (citing *PS Marinas 3 v. Marina Funding Group, Inc.,* 889 So.2d 167, 169 (Fla. 3d DCA 2004)). An evidentiary hearing is required only in situations where the existence or the terms of the settlement agreement are

in dispute. *Skrtich v. Thornton,* 2003 WL 24845555 (M.D.Fla.2003); *Commercial Capital Resources, LLC v. Giovannetti,* 955 So.2d 1151, 1153 (Fla. 3d DCA 2007). The Eleventh Circuit has made it clear that "a district court has jurisdiction to enforce a settlement agreement ... when one party refuses to abide by the agreement prior to dismissal [of the case]." *Kent v. Baker*, 815 F.2d 1395, 1399-1400 (11th Cir. 1987).

Upon review, the undersigned recommends the Court declare Defendant in breach of the settlement agreement and enforce the settlement agreement against Defendant, including entering judgment in favor of Plaintiff and awarding fees and costs associated with enforcing the agreement. Despite numerous opportunities to respond to the Motion—including service upon Defendant's registered agent pursuant to Rule 4(h), Federal Rules of Civil Procedure—Defendant failed to file a response or attend any of the three hearings scheduled on the matter. Plaintiff requests an award of $169,950, which is equal to the full contract price of $198,950 minus the $33,000 payment received by Plaintiff pursuant to the settlement agreement (*see* Doc. 1, ¶ 10; Doc. 19, at 4; Doc. 19-1, at ¶ 6). Plaintiff also requests an award of $482 in costs and $3,300 in attorneys' fees (Doc. 19, at 4). Plaintiff's counsel, Zachary Messa, supports the costs and fees requests by an affidavit in which he states his hourly rate is $500 per hour and he expended 6.6 hours of time on the enforcement of the settlement agreement, totaling to $3,300 (Doc. 19-4, ¶ 4). Mr. Messa also states Plaintiff incurred a $402 filing fee and $80 service of process fee for a total cost of $482 (Doc. 19-4, ¶ 5). These forms of relief are provided for in the settlement agreement in the event of a breach (*see* Doc. 19-1, at ¶ 6).

Accordingly, it is hereby

RECOMMENDED that Plaintiff's Motion to Enforce Settlement Agreement and For Entry of Final Judgment (Doc. 19) be **GRANTED.**

1. Default judgement be entered in favor of Plaintiff and against Defendant.

2. Plaintiff be awarded $169,950 which is the full contract price of $198,950 minus the $33,000 payment received by Plaintiff pursuant to the settlement agreement.

3. Plaintiff be awarded attorney's fees in the amount of $3,300 and costs in the amount of $482.

IT IS SO REPORTED in Tampa, Florida, this 8th day of May, 2023.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:   Hon. Kathryn Kimball Mizelle
      Counsel of Record