UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SITEZEUS, LLC,

    Plaintiff,

v.                                Case No: 8:22-cv-1783-KKM-AEP

BOSTON MARKET CORP.,

    Defendant.
_____

## ORDER

SiteZeus, LLC, sued Boston Market Corporation, alleging a breach-of-contract claim and an unjust-enrichment claim. *See* Compl. (Doc. 1). Before Boston Market answered, the parties entered into a formal settlement agreement and submitted a notice of settlement. *See* Notice of Settlement (Doc. 14); Settlement (Doc. 19-1). Then, under Local Rule 3.09(b), I dismissed SiteZeus's action without prejudice, subject to the right of the parties to move to reopen the case. Dismissal Order (Doc. 15). The Dismissal Order specified that the dismissal would become with prejudice after ninety days. *Id.* Importantly, the Dismissal Order did not embody the settlement contract or expressly retain jurisdiction to enforce the settlement agreement. *See id.*

After Boston Market failed to abide by the parties' settlement agreement, SiteZeus successfully moved to reopen this action. Mot. to Reopen (Doc. 17); Order Reopening Action (Doc. 18). SiteZeus then moved to enforce the settlement agreement and for entry of a final judgment against Boston Market. Mot. to Enforce Settlement (Doc. 19). The Magistrate Judge recommends granting SiteZeus's motion to enforce the settlement. R&R (Doc. 37). But because I do not have jurisdiction to enforce the settlement agreement, I must deny SiteZeus's motion to enforce.

I. LEGAL STANDARD

The legal conclusions of a report and recommendation are reviewed de novo. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019) (Steele, J.).

II. ANALYSIS

After dismissal of a case, a federal court cannot reopen the case and enforce the parties' settlement agreement absent a specific retention of jurisdiction. A settlement agreement is "a private contract arising out of a case in federal court and 'ha[s] nothing to do with' the underlying case." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1281 (11th Cir. 2012) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)). "Enforcement of the settlement agreement . . . is more than just a continuation or

2

renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen*, 511 U.S. at 378.

To be sure, prior to dismissal, a federal court may retain jurisdiction to enforce a settlement agreement by "embody[ing] the settlement contract in its dismissal order (or, what has the same effect, retain[ing] jurisdiction over the settlement contract) if the parties agree." *Id.* at 381–82. "Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 382. The Dismissal Order on November 8, 2022, neither embodied the settlement contract nor expressly retained jurisdiction over the settlement contract. *See* Dismissal Order. Thus, SiteZeus must allege an independent basis for federal jurisdiction.

To be sure, the Eleventh Circuit has held that "a district court has jurisdiction to enforce a settlement agreement . . . when one party refuses to abide by the agreement prior to dismissal" of the case. *Kent v. Baker*, 815 F.2d 1395, 1400 (11th Cir. 1987). Here, however, SiteZeus moved to enforce the settlement *after* I dismissed the underlying case. *See* Dismissal Order; Order Reopening Action; Mot. to Enforce Settlement. *Kent v. Baker* clarified that it does not govern this scenario. *Id.* at 1400 n.4 ("This case does not involve, and we do not address, the question of whether and when a district court may reopen a case after it has been dismissed to enforce a settlement agreement."). And even if *Kent v. Baker* otherwise applied to these facts, the Supreme Court abrogated it in *Kokkonen* when

3

it held that federal courts need a separate basis for jurisdiction to enforce a settlement agreement after it dismisses a case. 511 U.S. at 378; *see also Anago Franchising*, 677 F.3d at 1278–81 (applying *Kokkonen*).

The parties might have intended otherwise, as their settlement agreement states, "the Court shall retain jurisdiction in the event of any default and subsequent entry of Judgement and to enforce the terms of this [settlement] Agreement." Settlement ¶ 7; *see also* R&R at 2. But "[t]o retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough." *Anago Franchising*, 677 F.3d at 1279. In *Anago Franchising*, for example, "[t]he district court did not retain jurisdiction to enforce the Settlement Agreement" because the district court did not issue an order retaining jurisdiction "before the case was dismissed." *Id.* at 1280-81. Also, the Settlement in this case contemplates that I would not retain jurisdiction to enforce the Settlement if I dismissed the case before Boston Market fulfilled its payment obligations. *See* Settlement ¶ 7.[1]

Importantly though, there is good reason to suspect that an independent basis for jurisdiction exists. *See* Compl. ¶¶ 1–2; Mot. to Enforce Settlement at 5; 28 U.S.C. § 1332.

---

[1] "Should the Court decline to retain jurisdiction over the Lawsuit or otherwise *dismiss* the Lawsuit before Defendant can comply with its payment obligations under ¶ 2 of this Agreement, the Parties agree that, upon a breach as identified in ¶ 6, Plaintiff shall be entitled to judgment as set forth in ¶ 6 by way of a *separate action* for breach of settlement agreement in a court of competent jurisdiction." Subcontract ¶ 7 (emphasis added).

4

As currently drafted, SiteZeus's complaint neither mentions its breach-of-settlement claim nor alleges a basis for federal jurisdiction over that claim. *See* Compl. The complaint itself must allege a basis for federal jurisdiction, *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013), and a motion cannot raise a claim for relief that is outside of the scope of the complaint. *See Gov't Emps. Ins. Co. v. Glassco, Inc.*, 58 F.4th 1338, 1344 (11th Cir. 2023) (holding that the claims contained in the complaint determine the subject matter of the litigation, and an appeal lies only when all the complaint's claims are resolved).

If SiteZeus seeks to enforce its settlement agreement, SiteZeus should move to amend its complaint to allege a breach-of-settlement claim in addition to its original breach-of-contract claim. SiteZeus should also allege facts that support subject matter jurisdiction over both claims. SiteZeus must then serve the amended complaint on Boston Market according to the procedure prescribed by Rule 4. *See* FED. R. CIV. P. 5(a)(2) ("[A] pleading that asserts a new claim for relief against [a party who fails to appear] must be served on that party under Rule 4."). Alternatively, SiteZeus could enforce the settlement in a separate action.

### III.   CONCLUSION

Accordingly, the following is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation, (Doc. 37), is **REJECTED**.

5

2. SiteZeus's motion to enforce the settlement and for entry of final judgment, (Doc. 19), is **DENIED without prejudice**.

3. Under Rule 15(a)(2), FED. R. CIV. P., SiteZeus is granted leave to amend its complaint to include a breach-of-settlement claim. If SiteZeus amends its complaint, SiteZeus must serve its amended complaint on Boston Market under Rule 4. FED. R. CIV. P. 5(a)(2).

4. If SiteZeus does not amend its complaint by **August 4, 2023**, SiteZeus must dismiss this action under Rule 41, FED. R. CIV. P., or show cause why the claims in its operative complaint should continue to be litigated after SiteZeus settled the operative complaint's claims.

**ORDERED** in Tampa, Florida, on July 18, 2023.

Kathryn Kimball Mizelle
United States District Judge